IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH NORTHERN DIVISION

| | |
|---|---|
| BRADY EAMES,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No.  1:14-CV-0020<br><br>Chief District Judge David Nuffer<br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by Chief District Judge David Nuffer pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are the following three motions: (1) the United States of America's ("Defendant") motion to dismiss,[2] (2) Defendant's motion to strike the amended complaint,[3] and (3) Brady Eames's ("Plaintiff") motion for default judgment.[4]

Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f). The court has carefully reviewed the motions and memoranda submitted by the parties and issues the following Report and Recommendation.

---

[1] *See* docket no. 7.

[2] *See* docket no. 3.

[3] *See* docket no. 11.

[4] *See* docket no. 10.

As an initial matter, because Plaintiff is proceeding pro se, the court will "construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). That said, Plaintiff's pro se status does not discharge him from having to comply with the Federal Rules of Civil Procedure, nor will the court assume an advocacy role on Plaintiff's behalf. *See Pedersen v. Mountain View Hosp.*, No. 1:11-CV-16-CW, 2011 WL 7277319, at *1 (D. Utah Aug. 31, 2011).

## BACKGROUND

On February 27, 2014, Plaintiff filed his original complaint with the court and properly served Defendant. On April 28, 2014, Defendant responded to the complaint by filing a motion to dismiss with the court. On May 30, 2014, Plaintiff, without leave of the court, filed an amended complaint. On that same day, Plaintiff filed a motion for default judgment against Defendant for failure to respond to the *amended* complaint. On June 3, 2014, Defendant filed a motion to strike the amended complaint.

Plaintiff's original complaint contains 115 claims against various agencies of the United States alleging failure to perform certain duties, unlawful performance of other duties, and various other violations of law. These allegations include, failing to properly publish certain "separate and current statements of the description of the establishment, administration, organization, function and duties of the following offices and/or officers of the [Executive Office of the President] on the website addresses listed below *before and without* publishing such statements and addresses in the [Federal Register] and codifying them."[5] Plaintiff then lists 28

---

[5] *See* docket no. 9 ¶ 5.

different websites that have allegedly done so.  Plaintiff also claims that the Office of Management and Budget has failed to perform its duties by not listing in the Federal Register current statements of the descriptions of establishment and duties of eight of its current officers, while simultaneously unlawfully publishing on their website the establishment and descriptions of 64 offices or officers without doing so in the Federal Register.  All 115 claims are similarly structured and deal with substantially the same types of issues.  Plaintiff seeks a declaration that the duties of these various agencies have been unlawfully performed, the unlawful actions be set aside, and the Defendant be ordered to lawfully perform its procedural duties.

## ANALYSIS

### Motion to Dismiss

Plaintiff in the instant case has failed to respond to Defendant's motion to dismiss.  Under the local civil rules, this court could grant Defendant's motion on these grounds alone.  *See* DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice.").  However, the court will address the motion to dismiss on the merits.

Defendant moves to dismiss the original complaint under rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.  Defendant correctly asserts that the burden of establishing subject matter jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The asserting party must "allege in [his] pleading the facts essential to show jurisdiction." *United States ex rel. Precision Co. v. Koch Indus. Inc.*, 971 F.2d 548, 551 (10th Cir. 1992).  In order to survive a rule 12(b)(1) motion to dismiss, Plaintiff must allege sufficient facts to meet both Article III standing and

prudential standing. *See Wyoming v. U.S. Dep't of the Interior*, 674 F.3d 1220, 1230-31 (10th Cir. 2012). Defendant challenges Plaintiff's standing under both standards.

### a. Article III Standing

In order to establish Article III standing, a plaintiff must "demonstrate that he has suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." *Bennett v. Spear*, 520 U.S. 154, 162 (1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Plaintiff alleges a generalized grievance about the manner in which several governmental agencies convey their current information to the public. However, the Supreme Court has

> consistently held that a plaintiff raising only a generally available grievance about government--claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large--does not state an Article III case or controversy.

*Lujan*, 504 U.S. at 573-74. Plaintiff has failed to show in any of his pleadings (original complaint, amended complaint, memorandum in opposition), a concrete and particularized interest sufficient to give him Article III standing. While the court does not doubt that Plaintiff's interest in the law is sincere, an "interest" does not establish standing. "[M]ere interest in a problem, no matter how longstanding the interest, is insufficient to confer standing." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 809 (11th Cir. 1993) (citing *Sierra Club v. Morton*, 405 U.S. 727, 739 (1972)). Plaintiff's complaint contains no allegations that assert an injury in fact from his claimed violations of law. "[T]o establish injury in fact for purposes of Article III, [Plaintiff] must not only show that the agency's disregard of a procedural requirement results in an increased risk of . . . harm, but [he] must also show the increased risk is

to [his] concrete and particularized interests." *Committee to Save the Rio Hondo v. Lucero*, 102 F.3d 445, 449 (10th Cir. 1996).

Plaintiff attempts to cure this deficiency by alleging that "his desire to study the activities of certain agencies of the Defendant has been frustrated and he suffered procedural injury upon discovery that such agencies are egregiously disrespecting, undermining and breaching [the law]."[6] Plaintiff further claims that Defendant's "agencies are engaged in the business of *fugitive* document and are executing secret law."[7] Plaintiff acknowledges that if he has in fact suffered injury of "fugitive documentation and execution of secret law,"[8] then everyone and anyone has as well, but argues that he should not be disqualified on these grounds.[9] Plaintiff cites *United States v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669 (1973), to support this proposition. However, the Supreme Court in *Students Challenging* addresses standing when many people suffer the same injury, not when "everyone and anyone" may have a generalized grievance as Plaintiff alleges and has admitted to in the instant case. Thus, *Students Challenging* does not support Plaintiff's arguments. Thus, Plaintiff has failed to establish standing under Article III.

### b. Prudential Standing

The prudential standing doctrine "embraces several judicially self-imposed limits on the exercise of federal jurisdiction such as . . . the requirement that a plaintiff's complaint fall within the zone of interest protected by the law invoked." *Allen v. Wright*, 468 U.S. 737, 750 (1984)

---

[6] Docket no. 14, ¶ 8.

[7] *Id.* at ¶ 10.

[8] *Id.*.

[9] *See id.*

(abrogated on other grounds by *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S.Ct. 1377 (2014)).  This "zone of interest test" asks "whether Congress intended for a particular class of plaintiffs to be relied upon to challenge agency disregard of the law." *Clarke v. Securities Indus. Ass'n*, 479 U.S. 388, 399 (1987) (quotations and citation omitted).  "[T]he test denies a right of review if the plaintiff's interests are so marginally related to or inconsistent with the purpose implicit in the statute that it cannot reasonably be assumed that Congress intended to permit the suit." *Id*.

Plaintiff himself admits that he lacks prudential standing.  "Certainly it cannot be argued that [ ] Plaintiff's interest in administrative law and desire to study the activities of certain agencies of [ ] Defendant is a zone of interest protected and regulated by *44 USC § 1505(a)(3)*, *5 USC § 552(a)*, 1 CFR § 5.2(b) and *(c)* and *21.20*."[10]  The court agrees with Plaintiff that this interest is not one that Congress intended to be protected under the relevant law.  Therefore, Plaintiff lacks prudential standing.

Because Plaintiff lacks both Article III standing and prudential standing, this court recommends that Defendant's motion to dismiss be **GRANTED**.

### Motion to Strike Amended Complaint and Motion for Default Judgment

Plaintiff asserts that he is entitled to default judgment because Defendant failed to respond to the amended complaint.  Defendant moves to strike Plaintiff's amended complaint under two theories: (1) it was filed without first obtaining leave of the court under rule 15(a)(2) of the Federal Rules of Civil Procedure, and (2) the amended complaint suffers the same standing defects as the original complaint and is therefore futile.

---

[10] *Id*. at ¶ 9

Plaintiff asserts that the amended complaint is proper under rule 15(a)(1)(A) because he served Defendant on March 11, 2014, well within the time allowed to amend a complaint as a matter of course. While Defendant acknowledges that it received the amended complaint from Plaintiff, it argues that it had no obligation to respond to it because it had not been filed with the court. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court"); Fed. R. Civ. P. 5(d)(2) (noting that a "filing" is made by delivering it (A) to the clerk or (B) to a judge who agrees to accept it for filing).

While the court could consider the amended complaint as a motion for leave to amend, it declines to do so in this case. The court recognizes that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend should only be denied "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F. 3d 1224, 1229 (10th Cir. 2009). In the instant case, Plaintiff fails to allege any new facts that differ from the original complaint, fails to assert a legal theory that would grant him standing, or present a claim that would survive a motion to dismiss. Thus, this court concludes that permitting Plaintiff to amend his complaint would be futile. "An amended complaint is futile if it merely restates the same facts as the original complaint in different terms, . . . fails to state a legal theory or could not withstand a motion to dismiss." *Rumber v. District of Columbia*, 598 F. Supp. 2d 97, 102 (D. D.C. 2009). Plaintiff's amended complaint fails to cure the original complaint's defects in regard to standing. *See Weinstein v. U.S. Air Force*, 468 F. Supp. 2d 1366, 1375 (D. N.M. 2006) (holding that it would be futile to grant plaintiffs leave to amend their complaint since plaintiffs continued to lack Article III standing under the allegations

of the proposed amended complaint).  Thus, even if this court permitted Plaintiff leave to amend his complaint, doing so would be futile as it would still be subject to dismissal.  *See Berneike v. CitiMortgage*, Inc., 708 F. 3d 1141, 1151 (10th Cir. 2013) (stating that leave to amend is futile if the claims would still be subject to dismissal).  Accordingly, the court recommends that Defendant's motion to strike the amended complaint be **GRANTED**.

Because the court recommends that the amended complaint be stricken, Plaintiff's motion for default judgment would be moot.  However, even assuming the court were to permit the amended complaint, Plaintiff's motion is nevertheless without merit.  Plaintiff incorrectly assumes that merely serving a complaint on a party without properly filing it with the court is sufficient to make the complaint effective.  An amended complaint is not effective until it is filed with the court. "[O]nly an amended complaint that is in effect—that is, properly filed pursuant to the requirements of Rule 15—can supersede the original." *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998).  Because the amended complaint was not filed with the court within 21 days after the original complaint, it cannot be amended as a matter of course.  As required by rule 15(2), Plaintiff must first seek leave to amend the complaint with the court, or obtain consent from the opposing party.  In the instant case, Plaintiff did neither.  Because the amended complaint was not properly filed, Plaintiff's motion for default judgment was premature.  Even if the court permitted Plaintiff's amended complaint, the motion for default judgment was filed on the same day, leaving insufficient time for Defendant to respond to the amended complaint.  Therefore, the court recommends that Plaintiff's motion for default judgment be **DENIED**.

## CONCLUSION AND RECOMMENDATION

For the above state reasons, this court recommends that (1) Defendant's motion to dismiss be **GRANTED**, (2) Defendant's motion to strike the amended complaint be **GRANTED**, and (3) Plaintiff's motion for default judgment be **DENIED**.

Copies of this Report and Recommendation will be sent to the parties, who are hereby notified of their right to object.  *See* 28 U.S.C § 636(b)(1); Fed. R. Civ. P. 72(b).  Any objection to this Report and Recommendation must be filed within fourteen (14) days after a party is served with a copy of it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

**IT IS SO ORDERED**.

DATED this 27th day of February, 2015.

BY THE COURT:

_____

PAUL M. WARNER
United States Magistrate Judge