IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH NORTHERN DIVISION

| | |
|---|---|
| BRADY EAMES,<br><br>             Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>             Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  1:14-CV-0020<br><br>Chief District Judge David Nuffer<br><br>Magistrate Judge Paul M. Warner |

       This matter was referred to Magistrate Judge Paul M. Warner by Chief District Judge David Nuffer pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court is Brady Eames's ("Plaintiff") motion for ruling.

       Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

       On April 28, 2014, Plaintiff filed a motion for ruling, requesting that the United States of America ("Defendant") compensate Plaintiff for mailing costs, and require Defendant to provide proof of receipt in some manner other than a responsive pleading.  On May 22, 2014, Defendant filed a timely response to the motion.  Earlier today, this court issued a Report and Recommendation on several dispositive motions in this case and recommended that Plaintiff's case be dismissed for lack of standing.[2]

---

[1] *See* docket no. 7.

[2] *See* docket no. 16.

As Defendant correctly notes, Plaintiff's instant motion seeking compensation for mailing costs is essentially a bill of costs.  If the district court fails to adopt this court's recommendation that Plaintiff's case be dismissed and instead allows the case to continue, then Plaintiff's bill of costs is premature.  *See* DUCivR 54-2(a) ("Within fourteen days after the entry of final judgment, the party entitled to recover costs must file a bill of costs.").  However, should the district court adopt the Report and Recommendation and dismisses the case, the bill of costs is inappropriate.  Only "[a] prevailing party in any civil action is entitled to recover those costs enumerated in 28 U.S.C. § 1920 subject to the discretion of the court." *United States v. Orenic*, 110 F.R.D. 548, 586 (W.D. V.A. 1986).  In either circumstance, the court agrees with Defendant and therefore **DENIES** this portion of Plaintiff's motion for ruling.

Plaintiff also seeks an order compelling Defendant to prove its receipt of summons and complaint in some other manner than by filing a motion to dismiss.  This request is meaningless and redundant.  Plaintiff clearly knows that the summons and complaint were received by Defendant, there is no need for the court to compel "conventional service" of receipt.  The court likewise **DENIES** this portion of Plaintiff's motion for ruling.

Based on the foregoing, Plaintiff's motion for ruling is **DENIED**.

**IT IS SO ORDERED**.

DATED this 27th day of February, 2015.

                                                  BY THE COURT:

                                                  _____
                                                  PAUL M. WARNER
                                                  United States Magistrate Judge